UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
TREMAINE JOHNSON,

      Plaintiff,

      -against-                                       Civil Action No.

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, POLICE
OFFICER NELSON ESCOBAR, ALL ABOUT            **COMPLAINT**
AUTOMOTIVE II INC., and SANDRA RIVERA,

      Defendants.
---------------------------------------------------------------X

      Plaintiff, Tremaine Johnson, by his attorneys Preston & Wilkins, PLLC, complaining of Defendants alleges and says:

## PRELIMINARY STATEMENT

      1. This is an action for money damages for violation of the rights of Tremaine Johnson by Defendants pursuant to 42 *U.S.C.* § 1983 and 1985, the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution, the New York State Constitution, and the common law. The Defendants, acting at all relevant times under color of state law, falsely arrested the plaintiff without probable cause by taking him into custody and maliciously prosecuted plaintiff.

      2. Defendants All About Automotive Inc., and Sandra Rivera caused and/or contributed to causing the false arrest and malicious prosecution of plaintiff.

      3. Plaintiff files this action pursuant to the Civil Rights Act of 1866, 42 *U.S.C.* §§ 1983 and 1985 as amended by the Civil Rights Act of 1991, the New York State Constitution and the common law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 *U.S.C.* §§ 1331 and 1343(1), (3), and (4), s claims set forth herein allege violations of 42 *U.S.C.* §§ 1983 and 1985 as amended by the Civil Rights Act of 1991. Plaintiff also invokes the pendent jurisdiction of this Court to hear and decide claims under the New York State Constitution and the common law.

5. Venue in this District is proper under 28 *U.S.C.* § 1391(b) because the events or omissions giving rise to the claims alleged in this complaint occurred in this District.

6. On or about January 21, 2015, plaintiff duly filed with the City of New York a verified notice of claim setting forth plaintiff's claim to sue for payment of such claims.

7. More than thirty (30) days have elapsed since the filing of said notice of claim and before the commencement of this suit and payment of said claim has not been made.

8. Plaintiff has duly complied with all statutory provisions and laws applicable to defendants, and has duly and timely complied with all the conditions precedent to the making of this claim and the bringing of this action. This claim has been presented, and this action has been commenced, within the period of time prescribed and provided by statute and law.

## PARTIES

9. Plaintiff Tremaine Johnson (hereinafter "Johnson") is a Black African American male. At the time of this incident, the plaintiff was a resident of the County of Kings, City and State of New York and of full age.

10. Defendant City of New York is a municipal corporation within the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the named defendant police officers.

11. At all times hereinafter relevant, defendant Police Officer Nelson Escobar, Shield No. 12460 (hereinafter "Escobar") and Unknown Police Officers "John Doe A-Z" (hereinafter collectively "City Police"), were officers employed by defendant City of New York.

12. Upon information and belief, defendants City Police were and are assigned to the 90th Precinct, located at 211 Union Avenue, Brooklyn, in the County of Kings, City and State of New York. At all relevant times known they acted as the agents, servants, and/or employees of defendant City of New York. They are being sued in both their individual and official capacities.

13. At all times hereinafter relevant, defendants Unknown Police Officers "John Doe A-Z" (hereinafter "John Does"), were police officers employed by defendant City of New York. Upon information and belief they were and are assigned to the 90th Precinct, located at 211 Union Avenue, Brooklyn, in the County of Kings, City and State of New York. At all relevant times they were acting as the agents, servants, and/or employees of defendant City of New York. They are being sued in both their individual and official capacities.

14. Defendant All About Automotive II Inc. is an automotive towing company (hereinafter "Towing Company"), incorporated, organized, existing and doing business under the laws of the State of New York. The Towing Company's principle place of business is 319 Devoe Street, Brooklyn, New York 11211.

15. Defendant Sandra Rivera (hereinafter "Rivera") is the owner and, or manager, of All About Automotive II Inc.

### STATEMENT OF FACTS

16. On or about July 6, 2013, plaintiff Johnson's grandfather's vehicle was towed from 487 Carlton Avenue, Brooklyn, County of Kings, City and State of New York. Plaintiff Johnson was not present when the towing occurred, but was called upon to retrieve it.

17. On or about July 6, 2013, at approximately 3:20 A.M., plaintiff Johnson took his grandfather to Towing Company's premises to retrieve his vehicle. They were accompanied by plaintiff Johnson's uncle and cousin.

18. The police arrived to the Towing Company, after an altercation between the tow yard attendant and plaintiff's cousin. It was determined that plaintiff's cousin broke a window during his altercation with the tow yard attendant. The police were in the process of negotiating a resolution when defendant Rivera arrived on the scene.

19. Defendant Rivera proceeded to make a series of false statements regarding Plaintiff Johnson, including that he broke the above referenced window and insisted upon his arrest by defendants City Police.

20. At the aforementioned date and time, approximately 3:20 A.M., the plaintiff was transported to the 90th Precinct. At approximately 3:43 A.M., plaintiff was placed under arrest by the defendants City Police on Arrest No. K13660788R charging the plaintiff with the crime pursuant to New York State Penal Law § 1450502, criminal mischief; and pursuant to New York State Penal Law § 1450001, criminal mischief, intent to damage property. The defendants City Police made the arrest knowing the statements made by defendant Rivera were false.

21. As a direct and proximate result of the actions of the defendants, the plaintiff was charged with the crime of the New York State Penal Law § 1450502, criminal mischief; and pursuant to New York State Penal Law § 1450001, criminal mischief, intent to damage property under Docket No. 51491-2013.

22. The plaintiff was imprisoned for a crime he did not perpetrate. The defendants City of New York, City Police and John Does continued to detain the plaintiff despite the alarming lack of evidence. Plaintiff was ultimately released.

23. Although plaintiff Johnson's cousin paid restitution for the broken window, directly to Tow Company, defendant Rivera refused to drop the charges against plaintiff Johnson. Defendant Rivera, knowing plaintiff Johnson had committed no crime, maliciously insisted on his prosecution.

24. Suddenly, without explanation from the defendants City of New York, and City Police, all charges against the plaintiff were dismissed on or about December 5, 2014.

25. During and after the plaintiff's prosecution, he had to seek medical help for mental anguish and psychological injuries which he received as a result of the unlawful and wrongful arrest, imprisonment and prosecution committed by the defendants.

26. The false criminal charges against plaintiff and plaintiff's wrongful arrest, imprisonment and prosecution was caused by the defendants' lack of knowledge of any legitimate cause or justification and their actions were intentional, malicious, reckless and in bad faith.

27. That the detention, false arrest and malicious prosecution of the plaintiff took place without probable cause and consent; was conducted within the scope of and during the employment of said defendants; and as such were within the knowledge of, approved and ratified by defendant City of New York.

28. At no time did the plaintiff commit Criminal Mischief, an offense against the laws of the State of New York for which an arrest can lawfully be made, against the complainant defendant Rivera, or against any other individual.

29. At no time did the plaintiff commit Criminal Mischief, Intent to Damage Property, an offense against the laws of the State of New York for which an arrest can lawfully be made, against the complainant defendant Rivera, or against any other individual.

30. As a direct and proximate result of the defendants' actions, plaintiff suffered and continues to suffer serious injuries, including but not limited to mental anguish, emotional and psychological distress, physical pain and suffering, which some or all of may be permanent.

31. As a direct and proximate result of defendants' actions, plaintiff was deprived of his rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and under the laws of the State of New York.

## FIRST CAUSE OF ACTION
(Malicious Prosecution)

32. Plaintiff incorporates each and every allegation contained in Paragraphs 1 through 31 of this Complaint, as if fully set forth herein.

33. On or about July 6, 2013 defendants City Police in their capacity as employees of defendant City of New York, maliciously and without probable cause arrested plaintiff Johnson and charged him with criminal mischief and criminal mischief, intent to damage property.

34. The acts and omissions of defendants, including the initiation and pursuit, without cause, of false criminal charges, all of which charges against plaintiff Johnson were duly dismissed or withdrawn, constitute tortious and malicious prosecution based on plaintiff's race and defendant Rivera's false statements.

35. As a result of the arrest, detention and malicious prosecution of plaintiff Johnson by defendants, plaintiff Johnson was subjected to intense emotional distress and immense anguish, being placed in the county jail, and being further treated with great indignity and humiliation, made to suffer outrageous pain and distress of mind and body, prevented from attending to his usual business affairs, and injured in his good name and reputation in the community.

36. As a direct and proximate result of the defendants' actions, plaintiff Johnson suffered and continues to suffer injuries, including but not limited to mental, emotional and psychological injuries, some or all of which, on information and belief, may be permanent.

37. By reason of the foregoing, plaintiff Jones has suffered damages in the amount of One Million Dollars ($1,000,000.00).

## SECOND CAUSE OF ACTION
(Unlawful Deprivation of Constitutional Rights and 42 U.S.C. § 1983)

38. Plaintiff incorporates herein each and every allegation contained in Paragraph 1 through 37 of this complaint, as if fully set forth herein.

39. Each of the defendants individually, and in concert with others, acted under pretense and color of law, and in their official capacities.

40. The acts of the defendants and each of them individually, and in concert with each other, were beyond the scope of their jurisdiction and without authorization of the law.

41. The said acts of defendants were in abuse of their powers and each defendant acted willfully, knowingly and with specific intent to deprive plaintiff Johnson of his rights to freedom from unlawful arrest and detention; all said rights being secured to plaintiff Johnson under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution and 42 *U.S.C.* §§ 1983 and 1985.

42. The acts of defendants City Police alleged herein were committed either with the knowledge and consent of defendant City of New York or were thereafter approved and ratified by said defendant, or were the result of gross negligence of defendant City of New York in training, hiring supervising and controlling the actions of defendants City Police while in the performance of their duties and official capacities, although defendant City of New York knew, or should have known, that defendants City Police were inexperienced in police work and

inadequately trained and unfamiliar with the provisions of the New York Penal law. The harm suffered by plaintiff Johnson was a direct result of a policy or custom of the defendant City of New York, which in implementing a grossly inadequate training program for defendants City Police displayed a deliberate indifference to the constitutional rights of citizens, including plaintiff, within the jurisdiction of defendant City of New York.

43. The conduct of John Does violated clearly established statutory and constitutional rights of which a reasonable person would have knowledge and understanding, and therefore, the defendants City Police are liable in their individual capacities for plaintiff's injuries sustained herein.

44. Plaintiff Johnson alleges that in doing the acts complained of above, the defendants were conspirators engaged in a scheme and conspiracy, designed and intended to deny and deprive him of his rights in violation of 42 *U.S.C.* § 1985; said rights being guaranteed to plaintiff Johnson under the Constitution and laws of the United States.

45. As a direct and proximate result of the defendants' actions, plaintiff Johnson suffered and continues to suffer injuries, including but not limited to mental, emotional and psychological injuries, some or all of which, on information and belief, may be permanent.

46. By reason of the foregoing, plaintiff Johnson has suffered damages in the amount of One Million Dollars ($1,000,000.00).

## THIRD CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

47. Plaintiff Johnson incorporates herein each and every allegation contained in Paragraphs 1 through 46 of this Complaint, as if fully set forth herein.

48. By unlawfully arresting and maliciously prosecuting plaintiff Johnson, defendants City Police and Rivera did intentionally and willfully inflict emotional distress upon plaintiff Johnson.

49. The acts and omissions of defendants City Police were committed by defendants in their official capacities as employees and agents of defendant City of New York, and upon the request, command and procurement of defendants Rivera and City of New York.

50. As a direct and proximate result of defendants' actions herein, plaintiff Johnson was greatly humiliated, injured in his reputation, became sick, sore and disabled, and has suffered and continues to suffer injuries, including but not limited to mental, emotional and psychological injuries, some or all of which, on information and belief, may be permanent.

51. By reason of the foregoing, defendants City of New York and Rivera intentionally inflicted emotional distress upon plaintiff Johnson, thereby causing plaintiff Johnson to suffer damages in the amount of One Million Dollars ($1,000,000.00).

### FOURTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

52. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 51 of this Complaint, as if fully set forth herein.

53. As employees and agents of defendant City of New York and responsible for safeguarding the public, defendants City Police owed to plaintiff Johnson a duty of reasonable care.

54. By unlawfully detaining and arresting, and maliciously prosecuting plaintiff Johnson, defendants City Police breached their duty of care to plaintiff Johnson.

55. The acts and omissions of defendants City Police were committed by defendants in their official capacities as employees and agents of defendant City of New York, and upon the request, command and procurement of defendants City of New York and Rivera.

56. As the direct and proximate result of defendants' actions herein, plaintiff Johnson was greatly humiliated, injured in his reputation, became sick, sore and disabled, and has suffered and continues to suffer injuries, including but not limited to mental, emotional and psychological injuries, some or all of which, on information and belief, may be permanent.

57. By reason of the foregoing, defendants City Police negligently inflicted emotional distress upon plaintiff Johnson, thereby causing plaintiff Johnson to suffer damages in the amount of One Million Dollars ($1,000,000.00).

### FIFTH CAUSE OF ACTION
(Negligent Hiring, Training and Supervision of Escobar and John Does)

58. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 57 of this Complaint, as if fully set forth herein.

59. The wrongful acts and omissions of defendants resulted from the negligent hiring, training and supervision of City Police by defendant City of New York and on information and belief, resulted from the gross negligence of City of New York in supervising and permitting defendants Escobar and John Does to continue in official capacities without appropriate controls, supervision and/or training, although defendant City of New York knew or should have known, that Escobar and John Does were inexperienced in police work and inadequately trained and unfamiliar with the provisions of the New York Penal Law.

60. By reason of the foregoing, plaintiff Johnson, has suffered damages in the amount of One Million Dollars ($1,000,000.00).

WHEREFORE, Plaintiff Johnson, demands the following relief, jointly and severally, against all the defendants:

A. Compensatory damages in the amount of One Million Dollars ($1,000,000.00), plus interest and costs;

B. Punitive damages in the amount of One Million Dollars ($1,000,000.00);

C. Attorneys' fees and costs of this litigation, as provided by 42 *U.S.C.* § 1988; and

D. Such other and further relief as this Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure the plaintiff hereby demands trial by jury on all triable issues of law.

Dated: October 2, 2015

By: Gregory R. Preston, Esq.
Preston & Wilkins, PLLC
Attorneys for Plaintiff
3000 Hempstead Turnpike, Suite 317
Levittown, New York 11756
(212) 809-5808