UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
TREMAINE JOHNSON,

                      Plaintiff,

          -against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, POLICE
OFFICER NELSON ESCOBAR, ALL ABOUT
AUTOMOTIVE II INC., and SANDRA RIVERA,

                      Defendants.
------------------------------------------------------------- x

MEMORANDUM & ORDER

15-CV-5873 (ENV) (VMS)

VITALIANO, D.J.

Tremaine Johnson filed this action against Sandra Rivera and All About Automotive II Inc., charging them with malicious prosecution as a result of false statements made by Rivera regarding plaintiff's alleged destruction of property and her insistence on his arrest.[1] *See* Complaint, Dkt. 1, at 3-4, 6-7. The Court granted default judgment against Rivera and All About Automotive after they failed to appear. February 14, 2017 Order. The default was referred to Magistrate Judge Vera M. Scanlon for an inquest as to damages. Dkt. 63.

## Background

A more extended recitation of the facts underlying this claim are related in the Court's decision granting summary judgment to the municipal defendants, *see* Dkt. 63, and familiarity with those facts and that decision is presumed. Most salient among them, plaintiff was arrested and criminally charged, but all charges were ultimately dismissed. *Id.* at 4.

---

[1] Plaintiff also asserted claims against the City of New York, the New York City Police Department, and Police Officer Nelson Escobar, but they were granted summary judgment. *See* Dkt. 63.

1

Before the Court is Magistrate Judge Scanlon's report and recommendation, recommending a damages award against Rivera and All About Automotive, jointly and severally, of $75,000 in compensatory damages for emotional distress. Dkt. 68 (the "R&R"). In support, Magistrate Judge Scanlon found plaintiff was subjected to unhealthy conditions of confinement that led to weight loss and feelings of distress and exhaustion, and that the criminal proceedings resulting from Rivera's false statements rendered him an "emotional wreck" and had far-reaching, adverse effects on his personal life and physical wellbeing. *Id.* at 12-15. The R&R also recommends an award of $25,425 to compensate plaintiff for $1125 in expenses incurred commuting to and from his residence in Delaware for five court appearances, $9300 in lost income as a result of the criminal proceedings, and $15,000 in attorney's fees. *Id.* at 13-15, 19.

The parties were given notice of time to object to the R&R on August 2, 2019, *id.* at 19-20, but no objection has been filed.

## Discussion

Where no party has objected to a report and recommendation, clear-error review applies. *See Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014). Having carefully reviewed the R&R in accordance with this standard, the Court finds it to be correct, well-reasoned, and free of any clear error. The R&R, in its entirety, therefore, is adopted as the opinion of the Court.

## Conclusion

In line with the foregoing, the R&R is adopted, in its entirety, as the opinion of the Court. Plaintiff is awarded damages against Rivera and All About Automotive, jointly and severally, in the amount of $100,425, consisting of $75,000 in compensatory damages for emotional distress, plus damages of $1125 in travel expenses, $9300 in lost income, and $15,000 in attorney's fees.

The Clerk of Court is directed to mail a copy of this Order to defendants Rivera and All About Automotive, to enter judgment accordingly and to close this case.

So Ordered.

Dated: Brooklyn, New York
       August 25, 2019

                                                    s/Eric N. Vitaliano
                                                    ERIC N. VITALIANO
                                                    United States District Judge